# SUPREME COURT.

JAMES M. TAYLOR, appellant agt. ADAM RENNIE and others, respondents.

Where a *letter* mailed October 27th, sent by a creditor in the city of New York to his debtors residing in Connecticut, which contained a promise to give time for the payment of an existing debt for such reasonable length of time as would allow a draft to be sent for its payment, and requesting an answer to be sent by return mail, whether the proposition would be accepted or not, which letter was received on the 29th of October, and the debtors mailed an answer containing a draft, on the 3d day of November, and the creditor before the receipt of the draft had commenced suit,

*Held,* that the plaintiff having waited sufficiently long to allow the terms of his proposition to be met, and a reasonable time having elapsed for the receipt of an answer in due course of mail, was at liberty to regard his proposition as rejected, and to proceed at once. The letter of the plaintiff regarded as a mere courtesy to the defendants to enable them to pay the debt in a manner most convenient to them before suit brought. The courtesy called for immediate and prompt action.

*New York General Term, November,* 1861.

CLERKE, LEONARD and BARNARD, *Justices.*

APPEAL from judgment at special term.

By the court, BARNARD, Justice. We differ with the court below in the construction of the letter of October 27, 1858. In our view that letter required an acceptance of the proposition contained in it by return mail. Consequently if not so accepted the plaintiffs were at liberty to consider it as rejected, and to proceed the same as if it had never been made.

The letter was mailed October 27. By due course it was received by defendants on October 29th. The defendants did not mail any answer to it till November 3d. Thus at least four full days (one of them being Sunday and another general election day throughout the state) intervened. Plaintiff before receipt of the draft had commenced suit. Plaintiff having waited sufficiently long to allow the terms of his proposition to be met, and a reasonable time having

elapsed for the receipt of an answer in due course of mail, was not bound to wait any longer, but was at liberty to regard his proposition as rejected and to proceed at once.

The learned judge who decided the case in the court below remarks that one of the intervening days was election day. It is true that one of the intervening days was election day in this state, but it is not found as a fact, nor is there any evidence that it was election day in the state of Connecticut; nor can the court take judicial cognizance of the fact, even if it existed. He also intimated that defendants had a reasonable time to purchase the draft. But the terms of the letter of October 27th did not contemplate that a draft should be sent by return mail, but merely an answer whether the proposition would be accepted or not. It was not necessary for defendants to wait to purchase a draft before they mailed an answer accepting the proposition. But even on the theory that a draft was to be sent under the terms of the letter of October 27th, still the draft was not sent within a reasonable time. That letter was received on Friday the 29th; defendants had the whole of Saturday the 30th to purchase the draft. The 31st was Sunday. Then the defendants had the whole of Monday the 1st of November in which to mail the letter; and assuming that the 2d was not election day in the state of Connecticut, then they had the whole of the 2d. The defendants did not even attempt to purchase a draft or send an answer till November 3d. It is apparent that a draft could have been purchased and mailed in one day, as in fact it was. We see no reason why defendants could not have made the purchase and mailed the draft on the 30th of October, the day after receiving the plaintiff's letter. Especially in this case did it behoove the defendants to be prompt in mailing either a draft or an answer, the same or the next day after the receipt of the plaintiff's letter, as the draft was to pay an indebtedness due from defendants to plaintiff. The draft was clearly not remitted

Taylor agt. Rennie.

within a reasonable time after the receipt of plaintiff's letter.

The most favorable construction for defendants that can be given to the letter of October 27th is, that it is a promise to give time for the payment of an existing debt for such reasonable length of time as would allow a draft to be sent for its payment.

The elementary works lay down the following principle : " A promise by a creditor to accept less than the full amount of his demand, or to give time for the payment of an existing debt, is void unless there be some new consideration, such as an undertaking to give an additional or different security, or to pay the debt in a manner or at a time more beneficial to the creditor than that originally agreed upon ; or unless an uncertain claim be reduced to a certainty ; or unless the creditor's engagement to take less than his demand, or give time, be contained in a composition deed or agreement entered into by the debtor with his creditors generally. In the latter case it would be a fraud on the creditors to sue the debtor for the remainder of the claim." The payment of a debt by a draft is for the convenience and benefit of the debtor and not of the creditor. The creditor is entitled to be paid in specie at his own door ; and we cannot say that a payment of a debt due, by a draft, instead of in specie, is a payment at a time and in a manner more beneficial to the creditor than that originally agreed upon. Nothing appears in the case showing that the defendants have been injured in consequence of relying on the letter of October 27th. The draft has been at their order. We are consequently of opinion that the plaintiff was not bound to wait one hour after the mailing of the letter of October 27, but was at liberty to proceed at once. We regard the letter of October 27 as a mere courtesy extended to defendants to enable them to pay the debt in a manner most convenient to them before suit brought. The courtesy called for immediate and prompt

action. If defendants did not sufficiently appreciate the courtesy to accord that action, it is that want of appreciation which has involved them in litigation, and subjected them to costs.

This case does not fall within the exceptions stated in *Edminston* agt. *McLoud*, (16 *N. Y. R.*, 543.)

Judgment reversed, and new trial ordered; costs to abide the event.

LEONARD, Justice. The plaintiff made a proposition to defendants, from which he could recede if he pleased. Before the draft came to hand the circumstances under which the proposition was made had changed. Expenses were incurred. The plaintiff had receded from his proposition. The defendants were required to act promptly when the plaintiff's proposition was received.

The defendants delayed so long that the plaintiff had incurred expense before the defendants' draft came to hand. The plaintiff was not guilty of any misconduct in commencing suit.

The defendants were liable for the costs of suit when their answer was put in.

Judgment reversed, &c., as within directed.